UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

CHANELL S. WARD,

    Plaintiff,

v.

JON BARRY AND ASSOCIATES, INC., D/B/A
PARAGON REVENUE GROUP,

    Defendant.

_____/

**COMPLAINT**
**JURY DEMAND**

1.    Plaintiff alleges violation Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

**JURISDICTION AND VENUE**

2.    Regarding the TCPA claim, this Court has jurisdiction under 28 U.S.C. §§1331. *Mims v. Arrow Fin. Servs. LLC,* 132 S. Ct. 740 (U.S. 2012); 2012 U.S. LEXIS 906 (U.S. 2012). Regarding the FDCPA claim, this Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and because Defendant placed telephone calls into this District.

**PARTIES**

1

3. Plaintiff, CHANELL S. WARD, is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida.

4. Defendant, JON BARRY AND ASSOCIATES, INC, d/b/a PARAGON REVENUE GROUP, ("Paragon") is a corporation organized under the laws of the State of North Carolina and citizen of the State of North Carolina with its principal place of business at 215 Le Phillip Court, Concord, NC 28025.

5. Defendant maintains a fictitious names registration with the Florida Department of State Division of Corporations under the name "Paragon Revenue Group".

6. Defendant is registered with the Florida Department of State Division of Corporations as a foreign corporation. Its registered agent for service of process is National Corporate Research, Ltd. Inc., Suite 4, 115 North Calhoun Street, Tallahassee, Florida 32301.

7. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant regularly collects or attempts to collect debts for other parties.

9. Defendant is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

10. Defendant placed repeated telephone calls to Plaintiff seeking to collect a debt she does not owe.

11. Defendant left the following messages on Plaintiff's voice mail on her cellular telephone on or about the dates stated:

**NOVEMBER 23, 2015 – Pre-recorded message**
This is a message for [redacted name of alleged debtor]. If we have reached the wrong number for this person, please call us back at 800-560-7994 to remove your phone number. If you are not [redacted name of alleged debtor], please hang up or disconnect. If you are [redacted name of alleged debtor], please continue to listen to this message. There will now be a three second pause in this message. Beep, beep, beep. By continuing to listen to this message, you acknowledge you are [redacted name of alleged debtor]. [redacted name of alleged debtor], you should not listen to this message so that other people can hear it as it contains personal and private information. There will now be a three second pause in this message to allow you to listen to this message in private. Beep, beep, beep. This is Elaine from Paragon Revenue Group. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me about an important business matter at 888-993-7676. Again, the telephone number is 888-993-7676.

**DECEMBER 8, 2015 – Pre-recorded message**
This is a message for [redacted name of alleged debtor]. If we have reached the wrong number for this person, please call us back at 800-560-7994 to remove your phone number. If you are not [redacted name of alleged debtor], please hang up or disconnect. If you are [redacted name of alleged debtor], please continue to listen to this message. There will now be a three second pause in this message. Beep, beep, beep. By continuing to listen to this message, you acknowledge you are [redacted name of alleged debtor]. [redacted name of alleged debtor], you should not listen to this message so that other people can hear it as it contains personal and private information. There will now be a three second pause in this message to allow you to listen to this message in private. Beep, beep, beep. This is Elaine from Paragon Revenue Group. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me

about an important business matter at 888-993-7676. Again, the telephone number is 888-993-7676.

12. In addition to the foregoing, on scores of other occasions, Defendant left other pre-recorded messages of the same style, on Plaintiff's cellular telephone and on still other occasions, called and hung-up without leaving a message.

13. Each of Defendant's messages are a "communication" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1341 (S.D. Fla. 2008).

14. The name of the person mentioned in the message is not Plaintiff's name.

15. Plaintiff did not authorize Defendant to make automated calls, or any calls for that matter, to her cellular telephone nor has she authorized any other person to give out her cellular telephone number to creditors or debt collectors.

16. Plaintiff is not obligated to Defendant or Defendant's client upon whose behalf it placed calls to Plaintiff's cellular telephone, nor does Defendant have any reason to place repeated telephone calls to Plaintiff.

17. Based upon the fact that Defendant is a licensed consumer debt collector, that it announces in the message that it is a debt collector, and that it is seeking to collect a debt, Plaintiff believes Defendant is in fact a debt collector as defined in the FDCPA, and was attempting to collect a debt incurred for personal, family or household purposes from a natural person, when it telephoned Plaintiff.

18. Communications from a debt collector to non-obligated third parties are governed by 15 U.S.C. §1692b.

19. Because Plaintiff is not obligated to Defendant or its client, the only communication Defendant is permitted make to her is for the purpose of acquiring location information about the consumer who actually is indebted and Defendant is permitted only *one* such communication, except in circumstances not present here. 15 U.S.C. §1692b.

20. The term "location information" includes the telephone number of the indebted consumer. 15 U.S.C. §1692a(7).

21. The FDCPA further requires a debt collector communicating with a third-party to disclose that it is confirming or correcting location information concerning the indebted consumer. 15 U.S.C. §1692b(1).

22. Defendant failed to state in its message that it was confirming or correcting location information concerning a consumer.

23. There are no other provisions in the FDCPA allowing debt collectors to communicate with the public at large regarding the collection of debts.

24. In telephoning Plaintiff, Defendant was seeking to correct location information i.e. the telephone number of the indebted consumer, then present in its records, because it left instructions for Plaintiff to follow to inform Defendant of whether or not it was telephoning the correct number.

25. Importantly, 15 U.S.C. §1692b(3) prohibits a debt collector from communicating with a third-party more than once unless requested to do so by the third-party or if the third-party previously provided information about the indebted consumer

that turned out to be erroneous or incomplete and the debt collector reasonably believes that the third-party now has correct or complete location information.

26. Defendant communicated with Plaintiff on multiple occasions.

27. At no time did Plaintiff provide Defendant with any information about the location of the indebted consumer and thus Defendant's repeated messages are not an attempt to confirm or correct previously provided location information.

28. Defendant's messages are an attempt to correct the telephone number for the indebted consumer then in Defendant's records because the first sentence of the message acknowledges that the recipient may *not* be the consumer: "[t]his is a message for [redacted name of alleged debtor]. If we have reached the wrong number for this person, please call us back at 800-560-7994 to remove your phone number."

29. Defendant knew that its messages were, or might be, communicated to third-parties, because it provided instructions for third-parties to follow upon receipt of the message.

30. Defendant's messages to Plaintiff are clearly an attempt to correct the telephone number in its files for the indebted consumer.

31. Defendant's pre-recorded message impermissibly attempts to satisfy two separate requirements of the FDCPA: one standard applicable to communications with indebted consumers, in the event that the recipient is in fact an indebted consumer, and another standard applicable to communications to unobligated third-parties, in the event that the recipient turns out to be an unobligated third-party. As another Court has held:

> But *Foti* found that debt collectors who use automated messages do so at the peril of violating the FDCPA, either by not leaving enough information for the debtor in violation of §§ 1692d(6) and 1692e(11), or by leaving too much information for a possible third party in violation of § 1692c(b). See id. at 658-59. Debt collectors have no entitlement to use automated messages to reach debtors, and courts have no obligation to harmonize different provisions of the FDCPA so that debt collectors may use an inherently risky method of communication. See id. at 659-60 (citing *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2nd Cir. 1996))

*Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1343 (S.D. Fla. 2008)

32. The FDCPA shields an unobligated third-party from repeated calls from debt collectors attempting to correct telephone numbers in its records for the indebted consumer.

33. The FDCPA prohibits Defendant from communicating with Plaintiff more than once. 15 U.S.C. §1692b. Defendant violated that prohibition when it communicated with Plaintiff on multiple occasions.

34. The FDCPA restricts the communications debt collectors can make with third-parties to very limited circumstances and Defendant exceeded those restrictions.

35. Regarding the TCPA, Defendant's automated calls to Plaintiff are willingly or knowingly made because Defendant included instructions in its message for unobligated third-parties to follow upon receipt of Defendants messages.

36. Defendant knew it was or might be calling the wrong person because it included instructions for such persons to follow upon receipt of its messages.

37. Defendant's repeated calls infringed on Plaintiff's privacy and seclusion.

38. Defendant's calls precluded the use of the telephone by other callers.

39. Defendant's failed to determine the identity of the cellular telephone subscriber prior to placing automated calls to Plaintiff's cellular service.

40. Defendant's failed to determine the status of Plaintiff's telephone service as cellular service before placing automated calls.

41. Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

42. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

43. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

44. Plaintiff incorporates Paragraphs 1 through 43.

45. Defendant, or others acting on its behalf, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. a declaration that Defendant calls violate the TCPA;

    c. a permanent injunction prohibiting Defendants from placing non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

      d.      Such other or further relief as the Court deems proper.

## COUNT II
## REPEATED CALLS TO AN UNOBLIGATED THIRD-PARTY

1. Plaintiff incorporates Paragraphs 1 through 43.

2. Defendant communicated more than once with Plaintiff in violation of 15 U.S.C. §1692b.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.      Damages;

      b.      Attorney's fees, litigation expenses and costs of suit; and

      c.      Such other or further relief as the Court deems proper.

## COUNT III
## FAILURE TO DISCLOSE CONFIRMING OR CORRECTING INFORMATION ABOUT A CONSUMER WHEN CALLING A THIRD-PARTY

3. Plaintiff incorporates Paragraphs 1 through 43.

4. Defendant failed to state in its messages to Plaintiff that it was confirming or correcting information about a consumer in violation of 15 U.S.C. §1692b(1).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.      Damages;

      b.      Attorney's fees, litigation expenses and costs of suit; and

      c.      Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

>DONALD A. YARBROUGH, ESQ.
>Attorney for Plaintiff
>Post Office Box 11842
>Ft. Lauderdale, FL 33339
>Telephone: 954-537-2000
>Facsimile: 954-566-2235
>don@donyarbrough.com
>
>
>By: s/ Donald A. Yarbrough
>Donald A. Yarbrough, Esq.
>Florida Bar No. 0158658